CONCERNED CITIZENS FOR BETTER SCHOOLS, an unincorporated association by Ted Broadwater and Ronald DeSalvo, Trustees Ad Litem; et al., Appellants,

v.

### BROWNSVILLE AREA SCHOOL DISTRICT, et al.

Commonwealth Court of Pennsylvania.

Argued March 14, 1995.

Decided June 2, 1995.

Reargument Denied July 28, 1995.

Charles O. Zebley, Jr., for appellants.

Douglas S. Sepic, for appellees.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Concerned Citizens for Better Schools (Concerned Citizens) appeals from an order of the Court of Common Pleas of Fayette County that denied its petition for a preliminary injunction against the Brownsville Area School District (District) and its Board of Directors (School Board) to prevent the School Board from voting on a motion to close two elementary schools. The question presented is whether the requirement that whenever notice must be published in a newspaper of general circulation it must also be published in the local legal newspaper, under the Newspaper Advertising Act, 45 Pa.C.S. §§ 301–310, applies to notice of a proposed school closing under provisions of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–27–2702.

At a meeting on March 29, 1994, the School Board directed the Superintendent to advertise a fifteen-day notice in the Herald–Standard Newspaper of a public hearing on April 19, 1994 for the purpose of receiving public comment concerning the proposed permanent closing of two particular elementary schools among the five then operated by the District. Notice was not published in the designated legal newspaper for Fayette County. The April 19 meeting was attended by several hundred residents and lasted over five hours. The School Board received public comment and scheduled a vote on the proposal for July 19, 1994.

On July 13, 1994, Concerned Citizens filed a complaint in equity and a petition for a preliminary injunction. The complaint alleged that the failure to advertise in the legal newspaper violated the Newspaper Advertising Act; hence the meeting on April 19 was not a valid meeting for receiving public comment, and any later vote of the School Board to close the two schools would be invalid for lack of a proper meeting to receive comment. The petition included a proposed order enjoining the School Board from voting on the closing of the schools until after a meeting preceded by notice in both newspapers and followed by the required period of three months after such a meeting.

The District and the members of the School Board filed an answer to the complaint on July 14, 1994, and the trial court conducted a hearing on the preliminary injunction petition on July 15, followed by oral argument. The court issued an opinion and order denying the petition on July 19, 1994. The court concluded that the two statutes are in conflict, but that Section 106 of the School

Code, 24 P.S. § 1–106, embodies special provisions relating to school notice procedures that prevail over the general provisions of the earlier-enacted Newspaper Advertising Act, where the legislature had not made manifest an intent that the general provisions should prevail, pursuant to Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933. The School Board met and voted to close the two schools, and Concerned Citizens appealed.[1]

Concerned Citizens contends that there is no conflict between the two statutes. By operation of Section 308 of the Newspaper Advertising Act, 45 Pa.C.S. § 308, any reference in another statute to publication in a newspaper of general circulation automatically includes a requirement of publication in a legal newspaper as well, and such construction permits both statutes involved here to operate in harmony.

Section 308(a) of the Newspaper Advertising Act provides in part:

> **General rule.**—Except as otherwise provided by statute, every notice or advertisement required by law or rule of court to be published in one or more newspapers of general circulation, unless dispensed with by special order of court, shall also be published in the legal newspaper, issued at least weekly, in the county, designated by the rules of court for the publication of court or other legal notices, if such newspaper exists.

Subsection (b) enumerates certain exceptions to this general rule that are not pertinent to the present case.

The School Code specifically addresses the subject of the procedure for closing a public school and the notice required in Section 780, 24 P.S. § 7–780, added by the Act of April 4, 1984, P.L. 190, which provides:

> In the event of a permanent closing of a public school or substantially all of a school's facilities, the board of school directors shall hold a public hearing on the question not less than three (3) months prior to the decision of the board relating to the closing of the school. Notice of the hearing shall be given in a newspaper of general circulation in the school district at least fifteen (15) days prior to the date of such hearings.

If no other statutory provisions applied, then the position of Concerned Citizens would be correct—the rule of Section 308 of the Newspaper Advertising Act would require notice to be published in the legal newspaper as well.

As the District and the School Board members emphasize, however, the School Code also contains express provisions regarding notice in Section 106. Section 106(a) provides in pertinent part:

> Whenever, under the provisions of this act, notice is required to be published in one newspaper, such publication shall be made in a newspaper of general circulation as defined by the "Newspaper Advertising Act" of May sixteen, one thousand nine hundred twenty-nine (Pamphlet Laws 1784), printed in the county, unless the matter in connection with which the advertising is being done affects only a school district, in which case such advertisement shall be published in a newspaper printed in such school district....

Section 106(b) provides in full:

> When such notice relates to any proceeding or matter in any court, or the holding of an election for the increase of indebtedness, or the issue and sale of bonds to be paid by taxation, such notice, in each school district, shall also be published in the legal newspaper, if any, designated by the rules of court of the proper county for the publication of legal notices and advertisements: Provided, That auditors' statements, summaries of auditors' statements, advertisements inviting proposals for public contracts and for bids for materials and supplies, or lists of delinquent taxpayers, shall be published only in newspapers of general publication, defined as aforesaid.

---

**1.** This Court's scope of review of an order of a trial court granting or denying a preliminary injunction is to determine whether there are any apparently reasonable grounds for the trial court's decision or whether the rule of law relied upon was erroneous or misapplied. *Stapleton v. Berks County,* 140 Pa.Commonwealth Ct. 523, 593 A.2d 1323 (1991), *appeal denied,* 529 Pa. 660, 604 A.2d 251 (1992).

■ There is a presumption that when the legislature adopts a statute it does so with full knowledge of existing statutes relating to the same subject. *Hutskow v. Washowich,* 156 Pa.Commonwealth Ct. 655, 628 A.2d 1202, *appeal denied,* 536 Pa. 633, 637 A.2d 293 (1993). This presumption need not be invoked here, however, because Section 106(a) of the School Code makes express reference to the Newspaper Advertising Act.[2] Despite the provisions of the Newspaper Advertising Act, however, Section 106(b) of the School Code enumerates certain specific matters a school district must advertise in a legal newspaper as well as in a newspaper of general circulation. The closing of a public school is not among the items enumerated.

■ Where some things are specifically designated in a statute, all omissions should be understood as exclusions under the maxim *"expressio unius est exclusio alterius."* *Latella v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 14, 30, 459 A.2d 464, 473 (1983). As the District and the School Board members note, if the general requirement of Section 308 of the Newspaper Advertising Act were held to mean that any notice published by a school district must be published in a legal newspaper, then the enumeration of particular matters requiring such form of notice in Section 106(b) of the School Code would be a nullity. In other words, those provisions would be rendered mere surplusage.

■ Both sides in this case recognize that statutes that relate to the same subject matter are in pari materia and should be construed together, if possible, as one statute. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932. Both ac-

knowledge that the statutes here have such a relation. The legislature is presumed to intend that the entire statute be effective, 1 Pa.C.S. § 1922(2), and, whenever possible, the courts must interpret statutes to give meaning to all of their words and phrases so that none are rendered mere surplusage. *Department of Transportation v. Sortino,* 75 Pa.Commonwealth Ct. 541, 462 A.2d 925 (1983).

This Court concludes that there is no conflict between Section 308 of the Newspaper Advertising Act and Section 106 of the School Code. Rather, the latter, when construed together with other provisions of the School Code such as Section 780, provides comprehensive treatment of the subject of advertisements relating to formal actions of a school district (including the manner of publication of notice of a public hearing concerning the proposed closing of a school), which falls within the exception provided by Section 308(a) where the legislature has "otherwise provided by statute" for notice requirements.

Concerned Citizens argues that this case is controlled by the decision of this Court in *Save Our School v. Colonial School Dist.,* 156 Pa.Commonwealth Ct. 671, 628 A.2d 1210 (1993). In that case a citizens' group also sought a preliminary injunction to prevent a school board vote on whether to close a school. The published notice did not indicate the particular school that the school board proposed to close, and the public hearing did not take place at the advertised location. In granting the preliminary injunction the trial court found that the school board voted to close the school at its regular meeting immediately following the public hearing and concluded that such a vote violated the three-month delay provision of Section 780 the

**2.** Although the current version of the Newspaper Advertising Act was added to Title 45 of the Pennsylvania Consolidated Statutes by Section 1 of the Act of July 9, 1976, P.L. 877, the requirement for publication in a legal newspaper also whenever publication in "newspapers of general circulation" is specified traces its origins to the Act of May 3, 1909, P.L. 424. It was applied to notices in all counties of the fourth class by the Act of April 30, 1925, P.L. 401, long before the enactment of the School Code in 1949. Fayette County is a county of the fourth class.

Section 308 is a consolidation and reenactment of former 45 P.S. § 39, although the qualifying phrase "[e]xcept as otherwise provided by statute" did not appear in the former Section. Former 45 P.S. § 39, along with the rest of the then-existing Newspaper Advertising Act, and specific sections of various other Acts relating to notice were repealed by Section 7 of the Act of July 9, 1976. One of the other Acts specifically repealed was former Section 512 of the School Code, relating to advertising for bids in trade journals. The Act of July 9, 1976 did not repeal Section 106 of the School Code.

672 ◼ ▉

School Code. On the school district's appeal, this Court concluded that the record revealed apparently reasonable grounds for the trial court's finding. In response to a contention by the school board that it was not required to provide notice and a public hearing at all, relying upon a different section of the School Code, the Court held that Section 780 applied.

In a footnote, however, this Court observed that the school district stipulated that it had not advertised the hearing in the county legal newspaper pursuant to Section 308 of the Newspaper Advertising Act. The note continued by stating that, because the hearing was not held at the advertised location, the school board committed an additional violation of the notice requirements of Section 780 of the School Code and concluding that therefore the advertisement did not satisfy the requirements of Section 780. *Save Our School,* 156 Pa.Commonwealth Ct. at 677 n. 5, 628 A.2d at 1213 n. 5.

Contrary to Concerned Citizens' assertion, the footnote reference does not state affirmatively that notice of a school closure must comply with Section 308. In any event, such an issue was not necessary to the outcome; therefore, the reference was not part of the holding of the case. *Giffear v. Johns–Manville Corp.,* 429 Pa.Superior Ct. 327, 632 A.2d 880 (1993), *appeal granted,* 539 Pa. 651, 651 A.2d 539 (1994).

Concerned Citizens also argues in the alternative that even if the reference is regarded as dictum, it is entitled to weight in a close or doubtful case, especially where the legislature has not changed the statute involved in the interim, citing *United States Steel Co. v. Allegheny County,* 369 Pa. 423, 86 A.2d 838 (1952). The answer to this argument is that the issue of the interaction between Section 308 of the Newspaper Advertising Act and notice provisions of the School Code is squarely presented in this case, and the Court has now addressed it in accordance with standard rules of statutory construction, which require the conclusion reached above. Accordingly, the order of the trial court is affirmed.

*ORDER*

AND NOW, this 2nd day of June, 1995, the order of the Court of Common Pleas of Fayette County is affirmed.

PELLEGRINI, J., dissents.

