**Mary L. WHITE, a/k/a Mary George White,**

v.

**ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC., a Pennsylvania Domestic Non–Profit Corporation; Frederick George, Chairman/President of this Board of Directors; Thomas George, Director; Daniel Walsh, Director; Robert Hotchkiss, Director; and Shayen A. George, M.A., Executive Director, President and Director, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2000.
Decided Jan. 23, 2001.

Richard B. Sandow, Pittsburgh, for appellants.

Stanley M. Stein, Pittsburgh, for appellee.

Before DOYLE, President Judge, McGINLEY, Judge, SMITH, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, KELLEY, Judge and FLAHERTY, Judge.

SMITH, Judge.

Associates in Counseling and Child Guidance (ACCG), a Pennsylvania domestic nonprofit corporation, and members of its Board of Directors (Board), including Shayen A. George, M.A., Executive Director, President and Director (George), appeal by permission from an order of the Court of Common Pleas of Mercer County denying preliminary objections and a motion to strike filed by ACCG and George. The court amended its order to certify the following question to this Court for review: "Does a non-officer at-will employee mentioned in the By–Laws of a nonprofit corporation have standing under the 'or otherwise' provision of the Pennsylvania Nonprofit Corporation Law, 15 Pa.C.S.A. § 5793, as limited by *Keranko v. Washington Youth Baseball*, 136 Pa. Commw. 709, 584 A.2d 1082 (1990)?" [1]

---

1. This Court granted permission to appeal by order of July 18, 2000. Only the merits of the

I

On December 13, 1999, Mary L. White filed a petition in the trial court against the named Appellants to compel corporate action pursuant to Section 5793 of the Nonprofit Corporation Law of 1988 (Nonprofit Corporation Law), 15 Pa.C.S. § 5793, relating to review of contested corporate action. White was ACCG's Director of Administration, a position which is provided for in ACCG's By Laws and which is appointed by the Board.[2] *See* By Laws §§ 2.13 and 2.14. She alleged that the Board and George engaged in activities that present a continuing threat to ACCG's existence in violation of the regulations of the State Board of Psychology and in violation of the Professional Psychologists Practice Act, Act of March 23, 1972, P.L. 136, *as amended*, 63 P.S. §§ 1201–1218.

The petition further alleged that White was an original incorporator of ACCG, that she provided one-half or more of the assets necessary for the corporation to begin performance and that she had entered into agreements with ACCG on behalf of Associates in Child Guidance (a for-profit entity established by White and George with equal ownership) in reliance upon the fact that she was and would continue to be the Director of Administration. Among other charges, White alleged that George was verbally and physically abusive toward a client, disclosed confidential client and employee information, failed to supervise employees, directed unlicensed personnel to conduct disability evaluations and maintained fraudulent records. White also alleged that the Board met on April 22, 1999 to hear complaints regarding these matters from licensed psychologists and therapists working for ACCG but that the Board did not listen to all of them nor initiate an investigation of George or place him on administrative leave.

Although the By–Laws provide for the president to call a regular meeting, with nominations for board members to be made at the annual meeting, on November 15, 1999 Secretary Thomas George called a "regular" meeting for November 16, 1999. At that meeting the Board voted to dismiss Frederick George as Chairman of the Board and President, to install Shayen George as a Director and as President of the Board and to install Robert Hotchkiss as a member of the Board. At a December 7, 1999 Board meeting, Frederick George stated that he believed the meeting was illegal and left. The Board voted to place White on administrative leave and caused an allegedly defamatory communication about her to be written, which was publicized to school district officials and others.

White's petition asserted that Board actions on November 16 and December 7, 1999 were ineffective and that the Board members violated their fiduciary duty to ACCG by failing to act upon the information presented to them at the April 1999 meeting, failing to investigate the charges of misconduct against George, holding illegal meetings and conducting business in violation of the By–Laws. It requested that the court determine that the meetings of November and December were nullities and ineffective, remove George as President of ACCG, remove Hotchkiss as a Director, reinstate White as Director of Administration, order the Board to meet to

certified question are before the Court at this time.

**2.** ACCG states that it was established through an association of mental health professionals who are committed to providing quality mental health services to children and families in the Shenango Valley and surrounding communities, preserving and protecting the family system as a basis for continued mental health services and providing the highest quality psychological and psychiatric outpatient care. Resolution of Board of Directors of ACCG, December 7, 1999, Motion to Strike Petition to Compel Corporate Action, Ex. D. The duties of the Director of Administration were set forth in a resolution of the Board adopted at the March 5, 1999 organizational meeting, which also approved the By–Laws. Motion to Strike, Ex. A.

select five new Directors and then to resign and direct the new Board to hold a meeting to investigate George as Executive Director and to place him on administrative leave pending the result.

## II

The trial court first considered the contention that White lacked standing to sue, quoting Section 5793(a) of the Nonprofit Corporation Law:

> (a) **General Rule.**—Upon petition of any person whose status as, or whose rights or duties as, a member, director, member of an other body, officer or otherwise of a nonprofit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action.

The court noted that White was not elected to the Board and therefore was not a Director. Because Section 3.1 of the By Laws states that officers "shall be the President, the Secretary and the Treasurer, and such other offices (and officers) as the Board may from time to time create and appoint," and the Director of Administration was not enumerated as an office in the By–Laws, the court concluded that White was not an officer.

Similarly, because Section 5103 of the Nonprofit Corporation Law, *as amended*, 15 Pa.C.S. § 5103, defines "member" as "[o]ne having membership rights in a corporation in accordance with the provisions of its bylaws," and Section 1.2 of ACCG's By–Laws provides that the membership of the corporation shall be those persons who are members of the Board of Directors, the trial court concluded that White was not a member. As for the "other body" referenced in Section 5793(a), the court noted the definition of that term in Section 5103 as denoting a person or group, other than the board of directors or a committee

thereof, who pursuant to authority expressly conferred by the Nonprofit Corporation Law may be vested by the bylaws with powers that, if not so vested, would be required to be exercised by the membership taken as a whole, by a convention or assembly of delegates established under the law or by the board of directors. The court concluded that the Nonprofit Corporation Law does not require the Board to perform the duties of the Director of Administration.

■ The trial court therefore considered whether White fell into the category "or otherwise" under Section 5793(a). Only the case of *Keranko by Keranko v. Washington Youth Baseball, Inc.*, 136 Pa. Cmwlth. 709, 584 A.2d 1082 (1990), had interpreted this provision. In *Keranko* the Court explained that under the doctrine of *ejusdem generis*, when general expressions are used in a statute they are restricted to things and persons similar to those specifically enumerated in the language preceding the general expressions. In this case, the words preceding the phrase "or otherwise" pertain to individuals who have a special relationship with the corporation by virtue of being a member, an officer or a member of another body. The trial court noted that the Director of Administration position is provided for in the By–Laws along with the Board and officers, and duties of the Director of Administration are defined by Board resolution. The court thus concluded that the position has a similar special relationship with the corporation and falls within the meaning of "or otherwise" in Section 5793(a) and that White had standing to sue. The trial court rejected other preliminary objections as well.[3]

## III

■ ACCG first asserts that this Court in *Keranko* strictly interpreted the term

---

**3.** This Court's review of an order of a trial court dismissing preliminary objections is limited to determining whether the trial court's findings are supported by competent evidence and whether it abused its discretion or committed an error of law. *Koschak v. Redevelopment Authority of the City of Wilkes–Barre,* 758 A.2d 291 (Pa.Cmwlth.2000).

"otherwise" in Section 5793(a) to pertain only to "individuals who have a special relationship to the corporation *by virtue of being* a member, officer or member of another body." *Keranko,* 584 A.2d at 1084 (emphasis added). In that case a Pony League baseball player who was not selected for post-season play and his parents were held not to have such a special relationship with the corporation but rather to be better described as persons foreign to it who might have been injured by its actions. ACCG argues that under *Keranko* the courts must look beyond the mention of White's position in the By–Laws and must compare the nature of the Director of Administration position with that of officer and director. Under the By–Laws, Board members have the power to vote and to implement corporate policies and procedures, and the president, secretary and treasurer have specific powers enumerated. ACCG asserts that White's position as Director of Administration is simply a bookkeeping, public relations and support position.

Next ACCG advances the related argument that in Pennsylvania it is assumed that an employee is at-will where there is no written employment contract. *Brozovich v. Dugo,* 651 A.2d 641 (Pa.Cmwlth. 1994). The Supreme Court has held that there is no common law cause of action against an employer for termination of the at-will employment relationship, except in circumstances where discharges threaten clear mandates of public policy of the Commonwealth. *McLaughlin v. Gastrointestinal Specialists, Inc.,* 561 Pa. 307, 750 A.2d 283 (2000). ACCG contends that White's effort is to pursue an action for wrongful discharge of an at-will employee under the guise of a Section 5793(a) proceeding. The discussion of "at-will employee" status, however, misperceives the issue.

The Court agrees with White that, unlike the parents and the ballplayer in *Keranko,* White is a person who has a very special relationship with the nonprofit corporation. White's appointment was accomplished by Board resolution that specified the duties of her position in great detail. Despite ACCG's description of White's duties, the resolution specified, among other things, that duties of the Director of Administration would include: liaison with schools and other related agencies; liaison with other portions of the service system to assist in developing policies and procedures for the wraparound program; development of training and employment manuals for non-professional personnel; supervision of the payroll department and financial records; and coordination with the Executive Director of supervision of the billing department for wraparound services.

The object of statutory construction is to ascertain and give effect to the intent of the legislature. *Concerned Citizens for Better Schools v. Brownsville Area School Dist.,* 660 A.2d 668 (Pa. Cmwlth.1995). The courts must construe every statute, if possible, to give effect to all of its provisions so that none are rendered mere surplusage. Sections 1921(a) and 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1921(a) and 1922(a); *Concerned Citizens for Better Schools.* Even ACCG recognizes that the term "otherwise" in Section 5793(a) must refer to classes of persons of the same general nature as an officer, director or member, but not limited to persons in those groups. Therefore, as White maintains, the reference in Section 5793(a) to a person "whose status as, or whose rights or duties as, a member, director, member of an other body, officer or otherwise of a nonprofit corporation are or may be affected" expands the class of persons covered beyond those expressly enumerated. In view of the role played by the Director of Administration, the Court agrees that White falls within the ambit of the phrase "or otherwise" under Section 5793(a) and has standing to sue.[4]

■ ACCG notes that the Supreme Court adopted the "business judgment" rule in *Cuker v. Mikalauskas*, 547 Pa. 600, 692 A.2d 1042 (1997). The court stated that the rule reflects a policy of noninterference by the judiciary with business decisions of corporate managers, presuming that they pursue the best interests of their corporations and insulating them from second-guessing or liability for their actions in the absence of fraud or other misconduct. ACCG asserts that permitting this suit would provide greater rights in challenging business decisions of nonprofit corporations than those of for-profit corporations. The Supreme Court also stated in *Cuker*: "It is obvious that a court must examine the circumstances surrounding the decisions in order to determine if the conditions warrant application of the business judgment rule," *id.*, 547 Pa. at 612, 692 A.2d at 1048, in a limited and precise preliminary examination. Thus ACCG's invocation of the rule as a basis for dismissal as a matter of law without any preliminary investigation is inherently incorrect and is not a proper issue for a preliminary objection.

■ Finally, ACCG argues that this Court should limit the class of persons entitled to sue a nonprofit corporation as a matter of public policy. Citing law review articles, it asserts that the boards of many such corporations consist of uncompensated volunteers and that many people decline to serve because of a fear of being subjected to suit for minor errors in judgment. It cites *O'Donnell v. Sardegna*, 336 Md. 18, 646 A.2d 398 (1994), for the proposition that no state has legislatively conferred standing on persons who are not public officials or members of nonprofit corporations to bring derivative actions against them. ACCG further cites the Revised Model Nonprofit Corporation Act § 6.30(a) (1987), which has not been adopted in Pennsylvania, as evidence of a trend to limit standing to sue nonprofit corporations. *See O'Donnell.* As White argues, however, a derivative suit against corporate officials seeking to assert the rights of the corporation is not the same as White's action under Section 5793(a) seeking to enforce her own rights. The protection afforded to officers and directors under the limitation on standing to sue in Section 5717 of the Nonprofit Corporation Law, 15 Pa.C.S. § 5717, does not apply where Section 5793(a) is involved.[5] In view of the foregoing, the Court concludes that White has standing under Section 5793(a) of the Nonprofit Corporation Law. The Court accordingly affirms the trial court.

4. In a reply brief ACCG argues that a proposition that general terms are not necessarily limited by preceding specific terms is the exception to the rule, which applies only when it is apparent that the legislature intended to go beyond the terms expressly designated. In *Commonwealth v. Randall*, 183 Pa.Super. 603, 133 A.2d 276 (1957), the court considered language making it unlawful for any licensee of the Liquor Control Board or any employee, servant or agent of such licensee or of the board, "or any other person" to provide liquor or malt or brewed beverages to specified types of persons. The court concluded that the legislative intent was clear that the general language not be limited to persons in the same class as board or licensee employees. ACCG asserts that no such intent is apparent here. However, the Court has not construed the "or otherwise" provision of Section 5793(a) to apply to all persons or employees or statuses but only to those persons with a very significant and special relationship.

5. ACCG also argues that the overall scheme of the Nonprofit Corporation Law shows an intent that only directors or members have a right to bring an action against a nonprofit corporation. Section 5717 provides that the statutory duty of the board of directors is to the corporation and that it may be enforced directly by the corporation or by a member in an action in the right of the corporation but may not be enforced directly by a member or by any other person or group. Section 5726, 15 Pa.C.S. § 5726, provides that directors may be removed by the members, by the board of directors or by the court upon petition by a member or director.

644

## ORDER

AND NOW, this 23rd day of January, 2001, the order of the Court of Common Pleas of Mercer County dismissing the preliminary objections and motion to strike filed by Associates in Counseling and Child Guidance is affirmed on the ground that Mary White has standing to pursue an action pursuant to 15 Pa.C.S. § 5793(a) seeking to challenge action of the corporation affecting her status, rights and duties as Director of Administration.