Silver Spring Township *v.* Commonwealth of Pennsylvania, Department of Environmental Resources. Silver Spring Township, Appellant. Pennsy Supply, Inc., Intervening Appellee.

Argued December 10, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John C. Sullivan,* with him *Nauman, Smith, Shissler & Hall,* for appellant.

*Eugene E. Dice,* Assistant Attorney General, for appellee.

*William D. Boswell,* with him *Berman, Boswell, Snyder & Tintner,* for intervening appellee.

OPINION BY JUDGE ROGERS, January 21, 1977:

Silver Spring Township, Cumberland County, has appealed from an order of the Environmental Hearing Board (EHR) dismissing as moot the township's appeal from two separate actions taken by the Department of Environmental Resources (DER). The appellant claims that EHB's action dismissing its appeal without a hearing violates its constitutional, as well as statutory, right to a hearing. We disagree, and affirm EHB's order.

Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *Department of Environmental Resources v. Trautner,* 19 Pa. Commonwealth Ct. 116, 338 A.2d 718 (1975). In this case the Commonwealth filed a petition to dismiss with the EHB, which the township failed to answer. We must accept, therefore, the truth of the facts pleaded in the petition.[1]

---

[1] Chapter 21 of the Rules and Regulations of the Department of Environmental Resources, 25 Pa. Code, §21.18.

The action first appealed from was DER's grant of a temporary variance, pursuant to Section 13.5 of the Air Pollution Control Act, Act of January 8, 1960, P.L. 2119, *as amended,* 35 P.S. §4013.5, to Pennsy Supply, Inc. (Pennsy), which allowed Pennsy until March 13, 1974 to comply fully with the Air Pollution Control Act and certain DER regulations at its quarry in Silver Spring Township. The effect of a temporary variance is twofold: (1) it grants a reprieve from prosecution during the pendency of the temporary variance, and (2) it requires the implementation of an air pollution control scheme, which, hopefully, will bring the air pollution contamination sources in question into compliance. with the Act and DER standards. Chapter 141 of the Department of Environmental Resources Rules and Regulations, 25 Pa. Code §141.1 et seq. On May 9, 1973, Silver Spring Township filed an appeal with the EHB complaining that Pennsy's control plan did not provide adequately for treatment of particulate emissions from the quarry's stockpiles. Under Section 1921-A(d) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-21(d), such an appeal does not act as a supersedeas, although the Board is empowered to grant a supersedeas upon a proper showing. *See St. Joe Minerals Corp. v. Goddard,* 14 Pa. Commonwealth Ct. 624, 324 A.2d 800 (1974). Since no supersedeas was requested, the control plan was fully implemented and the variance expired in March of 1974. It should be noted that a temporary variance is not a permit for any air pollution control devices installed, and may not be used as a defense to post-variance actions for violations.

The second DER action appealed from was the issuance of plan approvals under Chapter 127 of the Department's Rules and Regulations, 25 Pa. Code

§127.1 et seq., which authorized Pennsy to install air pollution equipment at its quarry. This is the first of a two-step procedure required before the operation of air cleaning devices can be allowed, the second being the issuance of a permit by DER. The plan approvals expired on September 15, 1973 when it was determined that the equipment installed was unsatisfactory. The equipment was then removed and different equipment was installed pursuant to subsequent plan approvals and permits, which were not appealed.

Although persons aggrieved by orders of the DER are entitled to notice of a hearing and an opportunity to be heard under Sections 4.1 and 5 of the Air Pollution Control Act, 35 P.S. §4004(4.1), 4006 and Section 31 of the Administrative Agency Law, 71 P.S. §1710.-31, a hearing is not required where events occur which render it impossible for a reviewing body to grant any relief. *See O'Donnell v. Pennsylvania Liquor Control Board*, 158 Pa. Super. 533, 45 A.2d 369 (1946). It is clear that in the present case it would have been futile for the EHB to conduct a hearing. By 1976, when the Board dismissed the appeal, the temporary variance, having expired, was no longer of any effect and could not be retroactively altered or abolished by the EHB. Nor could the EHB grant any relief with regard to the appeal from the approvals under Chapter 127, because the authorized equipment had long since been removed and replaced by other equipment installed pursuant to another unappealed permit. Assuming, arguendo, that DER erred in either or both actions complained of, nothing disclosed at a hearing could affect the rights and duties of any of the parties. If Pennsy is presently violating any of the conditions of its permits or any provision of a statute or regulation, it is answerable to the DER and others, including the appellant.

306

Therefore, we enter the following:

ORDER

AND Now, this 21st day of January, 1977, it is ordered that the March 10, 1976 order of the Environment Hearing Board dismissing the appeal of Silver Spring Township be and it is hereby affirmed.