Highway Auto Service, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*William A. Degillio,* with him *Lawrence D. Mac-Donald,* for petitioner.

*John R. Embick,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 19, 1982:

Highway Auto Service (Highway Auto) appeals from an order of the Environmental Hearing Board (EHB) dismissing as moot its appeal from an order of the Department of Environmental Resources (DER).

Employees of the DER on July 29, 1979 detected a continuing discharge of an oily substance into the Susquehanna River from a portal known as the Butler

Mine Tunnel in the City of Pittston, Luzerne County. Relying upon information it had received and old mine maps, the DER undertook an investigation of the surface and subsurface area in and around Highway Auto, a truck and auto repair station in Pittston Township. DER investigators obtained permission to examine Highway Auto's premises and discovered an 8-inch borehole leading to the underlying tunnel system. The investigators also revealed two subsurface lateral pipes originating from the direction of Highway Auto's garage and intersecting the borehole. While examining the borehole, the DER investigators observed liquid material clearly containing sewage waste entering the borehole from one of the subsurface pipes.

On August 3, 1979, pursuant to Section 610 of the Clean Streams Act,[1] the DER issued an order requiring Highway Auto, *inter alia,* to cease doing business on or after August 9, 1979 until a satisfactory, permanent waste disposal system was installed. Highway Auto ceased doing business on August 9, 1979 pursuant to the DER order.

During a supersedeas hearing before the EHB, the parties agreed to a stipulation which permitted Highway Auto to reopen if: (1) an interim sewage system were installed; (2) an application for an acceptable sewage system were submitted to the DER; (3) oil waste products were disposed of properly; and (4) the subsurface pipes leading to the borehole were sealed. Highway Auto complied with the terms of this agreement and reopened for business on August 16, 1979.

A hearing on the merits of the DER order was held before the EHB on October 18, 1979. On Janu-

---

[1] Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.1 *et seq.,* 35 P.S. §691.610.

ary 30, 1980, the EHB issued a decision and order dismissing Highway Auto's appeal as moot. Highway Auto here appeals this order.[2]

In its appeal to the EHB, Highway Auto attacked the part of the DER order which required Highway Auto to cease doing business until a permanent sewage system were installed as illegal because it was arbitrary and capricious in that it orders Highway Auto to take action beyond what is necessary to correct the alleged violation. Highway Auto also attacked the DER order as being vague. Highway Auto does not here attack that part of the DER order which requires the installation of a permanent sewage system. It contends that its appeal was not moot because it still faces the possibility of a DER imposed shutdown of its business prior to the completion of a permanent sewage system.

It is the settled law of this Commonwwealth that if at any stage of the judicial process a case is rendered moot it will be dismissed. *Glen Alden Coal Co. v. Anthracite Miners of Pennsylvania,* 319 Pa. 192, 179 A. 446 (1935), *Temple University v. Pennsylvania Department of Public Welfare,* 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977). A case will not be dismissed as moot merely because the allegedly illegal conduct has been stopped voluntarily. In determining whether the cessation of such activity compels a finding of mootness, we consider (1) the good faith of the defendant's announced intention to discontinue the challenged activity, (2) the effectiveness of the discontinuance, and (3) the character of the past violation. *Allen v. Colautti,* 53 Pa. Commonwealth Ct.

---

[2] Highway Auto contends that EHB was without the power to dismiss an appeal as moot. This is contrary to existing case law. *See Silver Spring Township v. Department of Environmental Resources,* 28 Pa. Commonwealth Ct. 302, 386 A.2d 866 (1977).

392, 397, 417 A.2d 1303, 1306 (1980). *See also United States v. W. T. Grant Co.*, 345 U.S. 629 (1953). Furthermore, one seeking to pursue a cause against one whose allegedly unlawful activity has ceased must show that there still exists a real danger of recurrence of the activity—that is, something more than mere possibility. *W. T. Grant, supra.*

Here the alleged illegal activity was DER's order closing Highway Auto's business premises. In the course of the ensuing litigation the parties stipulated a settlement and Highway Auto reopened. Highway Auto alleges no breach of the terms of settlement by DER, nor any threat on DER's part again to close the business. Indeed, we are told that Highway Auto's plans for a permanent sewage system have been approved and that as of some months ago the system was under construction. We agree with EHB that there was nothing Highway Auto required at the hands of EHB.

Order affirmed.

ORDER

AND Now, this 19th day of January, 1982, the order of the Environmental Hearing Board is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.