**HORSEHEAD RESOURCE DE-VELOPMENT COMPANY, INC., Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2000.

Decided July 18, 2001.

John P. Krill, Jr., Harrisburg, for petitioner.

Fayling Leung, Wilkes–Barre, for respondent.

Before DOYLE, President Judge, COLINS, McGINLEY, SMITH, PELLEGRINI, FLAHERTY and LEADBETTER, Judges.

SMITH, Judge.

Horsehead Resource Development Company, Inc. (Petitioner) petitions for review of an order of the Environmental Hearing Board (Board) that (1) granted a motion by the Department of Environmental Protection (DEP) to dismiss an appeal filed by Petitioner after DEP withdrew compliance orders against two other parties and they withdrew their appeals and (2) denied Petitioner's motion to reschedule a hearing on the merits of its appeal, which requested a ruling on the issue of the status of a material that Petitioner sells for road building applications. Petitioner questions whether an administrative board that has been given the statutory power and duty to hear appeals of administrative agency orders may refuse to hear an appeal on the basis of the administrative board's "discretionary abstention." DEP's counter-statement of the questions involved includes whether Petitioner's appeal should be dismissed as moot.

Petitioner produces a mineral aggregate known as "iron-rich material" (IRM), which it has marketed for various applications, including as a subbase in road building. A consent decree entered November 13, 1995 in Federal District Court established a protocol for Petitioner to apply for DEP concurrence as to the status of IRM for particular proposed uses, which procedure Petitioner followed in regard to several other uses of IRM. Petitioner filed a request with DEP for a concurrence that IRM used as a subbase in road construction is an unregulated product or coproduct, which Petitioner may market freely. DEP sent Petitioner a "deficiency letter" in regard to this request pursuant to terms of the consent decree. After Petitioner requested several extensions for responding, DEP finally agreed to extend the time for responding indefinitely, and Petitioner never filed anything further. Neverthe-

less, in late 1996 DEP learned that IRM had been used by Tuthill Corporation d/b/a Blue Mountain Ski Area (Blue Mountain) and Towamensing Township (Township) for road paving projects.

On December 4, 1996, DEP issued compliance orders under the Solid Waste Management Act (SWMA), Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101—6018.1003, to Blue Mountain and the Township directing them to cease using IRM, which had been sold to them by Petitioner, and to submit plans for the removal of IRM that had been used, based upon DEP's position that IRM was a "waste" subject to regulation under the SWMA. Blue Mountain and the Township appealed those compliance orders to the Board. Petitioner also appealed, considering itself to be aggrieved by the potential negative impact on its ability to market IRM. The Township complied to DEP's satisfaction, and DEP rescinded the compliance order as to the Township, which withdrew its appeal. Blue Mountain and DEP entered into a consent decree; DEP rescinded that compliance order, and Blue Mountain withdrew its appeal. Petitioner did not settle, and DEP moved to dismiss on the grounds that appeal of the compliance orders was now moot and that the Board lacked jurisdiction because the orders had been withdrawn and the Board could no longer afford effective relief to Petitioner.

The Board stated that once jurisdiction attaches, a tribunal is not divested of it by the ordinary occurrence of subsequent events and that jurisdiction is the power of a tribunal to enter upon an inquiry, rather than a question of whether the tribunal may grant relief in a particular case. *Get Set Organization v. Philadelphia Federation of Teachers, Local No. 3*, 446 Pa. 174, 286 A.2d 633 (1971). Further, it stated that its power to grant relief was not

negated by DEP's withdrawal of the compliance orders; Petitioner's interest in the outcome remained, and the Board could decide whether DEP abused its discretion in issuing the compliance orders in the first place. Nevertheless, the Board noted that Petitioner had filed administrative proceedings requesting a beneficial use determination for IRM from DEP.

■ Analogizing to cases where federal courts abstained from deciding matters where there were ongoing state court or administrative proceedings, the Board stated that it had jurisdiction to determine the marketability of IRM within the scope of Petitioner's appeal; however, the Board would benefit from DEP's exercise of its greater expertise initially in setting forth the scientific issues to resolve the question of marketability. Petitioner would be free to appeal from an adverse ruling by DEP. The Court's review of the Board's order is limited to determining whether there was a constitutional violation or an error of law and whether the findings are supported by substantial evidence. *Westinghouse Electric Corp. v. Pennsylvania Department of Environmental Protection*, 745 A.2d 1277 (Pa.Cmwlth.2000).

■ The Court turns first to DEP's contention that this case should be dismissed as moot. The Court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process. *Cytemp Specialty Steel Div., Cyclops Corp. v. Pennsylvania Public Utility Commission*, 128 Pa.Cmwlth. 349, 563 A.2d 593 (1989). Exceptions have been made to this principle where conduct complained of is capable of repetition yet likely to evade judicial review, where the case involves issues of great public importance or where one party will suffer a detriment without the court's decision. *Id.* DEP and Petitioner both cite *Al Hamilton Contracting Co. v.*

*Department of Environmental Resources*, 90 Pa.Cmwlth. 228, 494 A.2d 516 (1985), where the Court stated that the appropriate inquiry in determining whether a case is moot is whether a litigant has been deprived of the necessary stake in the outcome or whether the court or agency will be able to grant effective relief. In that case a contracting company complied with a Department of Environmental Resources (DER) inspector's orders to unplug an underdrain and to perform other cleanup, then it sought to appeal the orders. The Court held that the company lacked a sufficient interest based solely on its contention that the orders were incorrect but it did not first seek a stay; however, because a regulation provided for enhanced penalties if there were a record of violations, the Court concluded that the company retained a sufficient stake in the outcome so that the matter was not moot.

■ DEP notes that the Board has stated that where an order has been withdrawn, it no longer exists, and the Board cannot provide meaningful relief with regard to it. *West v. Department of Environmental Protection* (Pa. E.H.B., No. 99–114–R, filed April 18, 2000) (dismissing appeal from a compliance order as moot, where DEP withdrew the order after the court of common pleas issued a waste removal order encompassing the same property). Further, a vacated order cannot serve as the basis for any future civil penalties or be considered in license reviews, and ruling upon an order that does not exist would be a useless exercise, a matter of, at best, academic, historical significance. *Id.* (citing *Kilmer v. Department of Environmental Protection*, 1999 Pa. E.H.B. 846). DEP points out that appeals will lie only from an "action" of DEP as defined in 25 Pa.Code § 1021.2(a), or an "adjudication" as defined in 2 Pa.C.S. § 101. Because the actions/adjudications

at issue here were rescinded, Petitioner is seeking to appeal from orders that no longer exist.

Further, DEP argues that Petitioner's claim of prospective financial harm is speculative. Even assuming, arguendo, that Petitioner could prove some financial harm, DEP contends that the appeal would still be moot because the Board cannot grant any meaningful relief. It cites *Silver Spring Township v. Department of Environmental Resources*, 28 Pa. Cmwlth. 302, 368 A.2d 866 (1977), where DER granted a temporary variance to a quarry operator and later plan approvals to install and test anti-pollution equipment, and the township appealed. This Court affirmed the Board's dismissal of the appeals as moot without a hearing, stating that holding a hearing would have been futile where the temporary variance had expired and the equipment had long since been installed and found unsatisfactory and replaced. Even if DER took either challenged action in error, the Board could afford no relief.

Petitioner argues in a reply brief that despite DEP's withdrawal of the compliance orders, no prudent customer would risk buying and using IRM only to be confronted with an enforcement action. The Board noted that DEP has offered no assurances that it will not issue similar compliance orders. The experiences of the Township and Blue Mountain have been well publicized, and this case is not similar to the situation in *Highway Auto Service v. Department of Environmental Resources*, 64 Pa.Cmwlth. 160, 439 A.2d 238 (1982), where the owner of a business and DER had agreed to stipulations to permit interim use of a facility while a permanent sewage treatment system was constructed and DER indicated it would not issue another closure order. Here, Petitioner asserts, enforcement actions are likely unless

the status of IRM is resolved. The Board need only address the issue of the status of IRM as a co-product or waste.

Citing *Temple University v. Pennsylvania Department of Public Welfare*, 30 Pa. Cmwlth. 595, 374 A.2d 991 (1977), Petitioner contends that even if mootness could be established, the exception where challenged conduct is capable of repetition yet likely to evade review would apply. Petitioner asserts that it instituted its own appeal to avoid the situation that materialized here, i.e., that the targets of DEP's compliance orders settled, leaving the status of IRM unresolved and DEP's actions unreviewed. Even if Petitioner found another customer, DEP could repeat the same conduct. The Court concludes, nonetheless, that this matter is moot. Because of the withdrawal of the two compliance orders there was no longer any actual case or controversy before the Board. The Board could not have ordered any relief in regard to the rescinded orders, which is one basis for finding mootness under *Al Hamilton Contracting Co.*

Petitioner's argument that DEP's conduct is capable of repetition yet likely to evade review assumes that the litigation strategy of a hypothetical future customer would be to settle rather than to seek an administrative determination. Furthermore, even if such speculation were afforded weight, the fact remains that under the circumstances of this particular case Petitioner has available to it a procedure for securing a reviewable determination of the status of IRM. Under the terms of the pre-existing consent decree, to which Petitioner freely agreed in the federal proceeding and which must be given full faith and credit in state courts, *City of Philadelphia v. Pennsylvania Public Utility Commission*, 720 A.2d 845 (Pa.Cmwlth.1998), Petitioner may, and in fact is required to, complete the coproduct submission to

860

DEP. A negative determination would be subject to appeal to the Board, and the Board's determination would be subject to review by this Court. As DEP points out, this Court may affirm on other grounds where they exist. *Kutnyak v. Department of Corrections*, 748 A.2d 1275 (Pa.Cmwlth. 2000), *appeal denied*, —— Pa. ——, —— A.2d ——, 2000 WL 1224479 (No. 357 M.D. Alloc. Dkt.2000, filed August 29, 2000). The Board's order dismissing Petitioner's appeal is affirmed on the ground that the case before the Board was moot.

### ORDER

AND NOW, this 18th day of July, 2001, the order of the Environmental Hearing Board is affirmed.