**ERIE HOMES FOR CHILDREN AND ADULTS, INC., Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2003.

Decided Oct. 17, 2003.

John F. Mizner, Erie, for petitioner.

Howard Ulan, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Erie Homes for Children and Adults, Inc. (EHCA) petitions for review of the July 23, 2002 order of the Department of Public Welfare (Department), Bureau of Hearings and Appeals (BHA), that granted the Department's motion to dismiss as moot EHCA's appeal from the Department's revocation of its regular certificate of compliance (regular certificate) and issuance of a six-month provisional certificate of compliance (provisional certificate) after it found that EHCA was grossly negligent in the circumstances surrounding the death of a resident. BHA determined that because a regular one-year certificate was subsequently issued on July 7, 1999, the controversy was moot.

EHCA provides residential mental retardation services and is licensed under the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§ 101–1503. Such facilities are licensed through certificates of compliance issued pursuant to Departmental inspections. Sections 1002 and 1003 of the Code, 62 P.S. §§ 1002 and 1003; 55 Pa.Code §§ 20.1–20.82.

Following the August 21, 1998 death of an EHCA resident, the Department conducted an investigation and inspection. On November 18, 1998, it transmitted to EHCA a Licensing Inspection Summary, which concluded that EHCA's failure to call a physician prior to the resident's death constituted gross negligence. EHCA disputed this determination by letter dated December 1, 1998.

In correspondence dated April 1, 1999, the Department made a final determination that EHCA committed gross negligence in the operation of its facility, in violation of Section 1026(b)(4) of the Code.[1] Accordingly, the Department issued a provisional certificate made retroactive to October 27, 1998 and effective for a six-month period through April 27, 1999.

On April 29, 1999 EHCA appealed the Department's adverse licensing action to the BHA. Thereafter, on July 7, 1999, the Department issued to EHCA a one-year regular certificate, retroactive to April 27, 1999.

The Department filed with BHA a motion to dismiss as moot EHCA's appeal on July 22, 1999, which EHCA opposed. Following the submission of written arguments, by order dated July 23, 2002, BHA dismissed EHCA's appeal as moot. EHCA timely filed an appeal with this Court.[2]

---

1. 62 P.S. § 1026(b)(4).

2. Our review is limited to a determination of whether the BHA's adjudication is in accordance with the law, violates constitutional rights, and is supported by substantial evidence in the record. *Davis v. Department of Public Welfare*, 776 A.2d 1026 (Pa.Cmwlth. 2001).

EHCA argues that the BHA committed an error of law by determining that its appeal from the Department's issuance of the provisional certificate was rendered moot by the subsequent reinstatement of the regular certificate. Alternatively, EHCA argues that even if its appeal was rendered moot by the reinstatement of the regular certificate, we should vacate the Department's determination to issue the provisional certificate.[3]

■■■ An appeal will be dismissed as moot unless an actual case or controversy exists at all stages of the judicial or administrative process. *In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978). An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to a change in the applicable law. *Id.* The appropriate inquiry in determining mootness is whether the litigant has been deprived of the necessary stake in the outcome or whether the agency will be able to grant effective relief. *Al Hamilton Contracting Co. v. Dep't of Environmental Resources,* 90 Pa.Cmwlth. 228, 494 A.2d 516 (1985).

■■■ In determining that the Department's appeal was moot, the BHA wrote:

This appeal is predicted upon the adverse action of [the Department's] issuance on April 1, 1999, of a first provisional [certificate]. It is undisputed that [the Department] has, during the pendency of this appeal, issued the regular certificate.... There remains no adverse action extant with respect to [EHCA]. Accordingly, there is no case or controversy that may be determined by the [BHA].

(R.R. 60)

The Department maintains that no issues remained once the regular certificate was reinstated because, under the Code and its regulations, the Department (1) may not take further adverse action with respect to the issuance of the single provisional certificate and (2), may not use EHCA's past licensure history for future licensing determinations. The Department also argues that the matter is moot because EHCA was able to continue operating during the six-month provisional certificate period.

We disagree. Although the EHCA was operating under a regular certificate at the time the Department filed the motion to dismiss, EHCA had a significant stake in the outcome of its appeal to the extent that it desired a final resolution as to whether the Department's gross negligence finding, which formed the basis of the issuance of the provisional certificate, was inappropriate. We find, therefore, that the Department's issuance of the regular certificate did not render that aspect of the matter moot and that an actual controversy was extant at all times.

■■■ An appeal may also become moot when an event occurs that deprives the adjudicating body of its ability to grant meaningful or effective relief. *Atlantic Inland, Inc. v. Tp. of Bensalem,* 39 Pa. Cmwlth. 180, 394 A.2d 1335 (1978). As a second basis for its mootness determination, the BHA concluded that the only relief available under the Code for improper issuance of a provisional certificate would be reinstatement of the regular certificate. Since EHCA was already operating under a regular certificate at the time that the BHA considered the Department's motion to dismiss, it concluded that no further relief was available and the matter was moot.

3. We also considered the arguments contained in the amicus curiae brief filed on behalf of the Pennsylvania Association of Resources for People with Mental Retardation, which basically supplemented the issues raised by EHCA.

We again disagree. As an adjudicatory body, the BHA certainly had the authority to reverse the Department's initial gross negligence determination since it formed the basis for the Department's decision to revoke EHCA's regular certificate for the six-month period during which the provisional certificate was in effect.[4] We conclude, therefore, that the BHA committed an error of law when it based its mootness determination on (1) the lack of an actual controversy and (2), its perceived inability to order additional meaningful relief.[5]

Moreover, a case which may be rendered moot will not be dismissed where the issues raised are of a recurring nature and capable of repeatedly avoiding review. *Atlantic Inland, Inc.* A case is capable of repetition yet evading review when the duration of the challenged action is too short to be litigated and there is a reasonable probability that the complaining party will be subjected to the same action in the future. *Commonwealth v. Buehl,* 316 Pa.Super. 215, 462 A.2d 1316 (1983).

The Department's power to retroactively revoke and reinstate compliance certificates repeatedly eliminates a facility's ability to challenge the basis for an adverse licensing action on the merits. *Musheno v. Department of Public Welfare,* 829 A.2d 1228 (Pa.Cmwlth.2003) (day care center's appeal of the Department's issuance of a provisional certificate found to be viable as

an exception to the mootness doctrine despite the Department's reinstatement of the regular certificate during the pendency of the appeal, where mootness was caused by administrative delay). We noted in *Musheno* that agencies can stifle scrutiny by issuing retroactive licenses.

As a facility subject to extensive licensing action by the Department, EHCA may again be denied the opportunity to challenge the basis for an adverse licensing determination[6] through the Department's administrative process of issuing compliance certificates retroactively. Therefore, we find that the matters raised in EHCA's appeal of the Department's adverse licensing action are capable of repetition yet evading review.

Given our conclusion that the BHA erred in dismissing EHCA's appeal as moot, we need not reach the alternative contention that the provisional certificate should be vacated. Accordingly, we reverse the BHA's order dismissing EHCA's appeal as moot and remand the matter to the BHA to conduct a hearing on EHCA's April 29, 1999 appeal of the Department's gross negligence determination and the April 1, 1999 retroactive issuance of the six-month provisional certificate.

### ORDER

AND NOW, this 17th day of October, 2003, it is hereby ordered that the July 23,

---

**4.** The Department's regulations specify that a gross negligence determination warrants the "negative sanction" of certificate revocation. 55 Pa.Code § 20.71(a)(6).

**5.** The Department cites *Britt v. Department of Public Welfare,* 787 A.2d 457 (Pa.Cmwlth. 2001), *Martinez v. State Horse Racing Comm'n,* 81 Pa.Cmwlth. 1, 472 A.2d 1180 (1984) and *Department of Health v. Baker Nursing Home, Inc.,* 28 Pa.Cmwlth. 603, 369 A.2d 1336 (1977) for the proposition that appeals from adverse licensing determinations are always moot once the licenses are reinstated or expired. However, unlike EHCA,

each of the licensees in *Britt, Martinez* and *Baker* received some form of administrative hearing and adjudication on the merits of the adverse licensing action before their appeals reached our Court. We find this to be a significant distinction and therefore reject the Department's contention that these cases control our determination here.

**6.** The Department's licensing regulations provide that the revocation of a regular certificate and the issuance of a provisional certificate are adverse departmental actions that may be appealed by a licensed facility. *See* 55 Pa.Code §§ 20.81(3) and (4).

2002 order of the Department of Public Welfare, Bureau of Hearings and Appeals, is REVERSED and the matter is RE-MANDED to the Bureau for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.