IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terrance Johnson,                     :
                Petitioner      :
                                 :
     v.                        :
                                 :
Pennsylvania Parole Board,     :   No. 591 C.D. 2022
                Respondent   :   Submitted: March 17, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge

OPINION BY
JUDGE COVEY                          FILED: July 27, 2023

Terrance Johnson (Johnson) petitions this Court for review of the Pennsylvania Parole Board's (Board) May 18, 2022 decision affirming the Board's decisions recorded October 21, 2021 (mailed October 29, 2021) and December 28, 2021 (mailed January 7, 2022). Johnson presents two issues for this Court's review: (1) whether the Board failed to award him credit for all time served exclusively on the Board's warrant while incarcerated; and (2) whether the Board abused its discretion by failing to award him credit for all time served in good standing on parole. After review, this Court dismisses Johnson's appeal as moot.

On October 27, 2008, Johnson pled guilty to manufacture/sale/delivery or possession with intent to deliver drugs, and the Chester County Common Pleas Court sentenced him to 2 to 5 years of incarceration. *See* Certified Record (C.R.) at 1. His maximum sentence release date was June 24, 2013. *See id.* On October 7, 2009, Johnson again pled guilty to manufacture/sale/delivery or possession with intent to deliver drugs, and the Philadelphia County Common Pleas Court sentenced

him to a concurrent sentence of 2 to 10 years of incarceration (Original Sentence). *See* C.R. at 4. At that time, his Original Sentence maximum release date was October 7, 2019. *See id.* By decision recorded on November 28, 2011, the Board paroled Johnson to a community corrections residency on or after January 7, 2012. *See* C.R. at 7. The Board released Johnson on parole on January 17, 2012. *See* C.R. at 10.

On December 6, 2012, the Philadelphia Police Department arrested Johnson on new criminal charges. *See* C.R. at 19. That same date, the Board issued a warrant to commit and detain Johnson for violating his parole. *See* C.R. at 18. On June 7, 2013, the Philadelphia charges were withdrawn. On June 26, 2013, the Board issued an order to release Johnson from temporary detention or to cancel the warrant to commit and detain him. *See* C.R. at 21.

On January 9, 2017, the Philadelphia Police Department arrested Johnson on criminal charges. *See* C.R. at 23. On January 10, 2017, the Board issued a warrant to commit and detain Johnson. *See* C.R. at 22. On July 24, 2017, the Philadelphia County Common Pleas Court sentenced Johnson to 12 months of probation for possession of drug paraphernalia. *See* C.R. at 42. On September 5, 2017, the Board issued a decision to recommit Johnson to a state correctional institution as a convicted parole violator (CPV) based on that conviction. Johnson was reparoled upon the condition that he had no misconducts, and subject to detainers. Johnson's Original Sentence maximum release date remained the same - October 7, 2019. *See* C.R. at 24.

On January 16, 2018, Johnson was released on parole. *See* C.R. at 27. On April 11, 2018, Johnson failed to keep a scheduled appointment with the parole field office. *See* C.R. at 31. On June 12, 2018, the landlord of Johnson's approved residence reported that Johnson had moved from the approved residence in February 2018. *See* C.R. at 31. On June 15, 2018, the Board declared Johnson delinquent, effective April 11, 2018. *See* C.R. at 32, 43.

2

On May 31, 2019, the Philadelphia Police Department arrested Johnson and charged him with violating the Pennsylvania Uniform Firearms Act of 1995[1] by carrying a loaded weapon, which he was prohibited from doing due to his prior convictions. *See* C.R. at 34. That same date, the Board issued a warrant to commit and detain Johnson. *See* C.R. at 33. On June 5, 2019, Johnson signed his notice of charges and hearing relating to his leaving his approved residence and his failure to report to the parole field office. *See* C.R. at 34. Johnson also waived his violation hearing, waived counsel, and signed an admission form. *See* C.R. at 37, 38.

On August 31, 2021, the Philadelphia County Common Pleas Court sentenced Johnson to 11 months and 15 days to 23 months in a county prison (commencing on August 23, 2021), plus 3 years of probation for possession of a prohibited firearm, and 11 months and 15 days to 23 months in a county prison, plus 3 years of probation for carrying a firearm without a license. *See* C.R. at 133.

The Board granted Johnson parole on November 16, 2021. *See* C.R. at 135. On December 28, 2021, the Board issued a decision referring to its October 21, 2021 action, recommitting Johnson to a state correctional institution as a technical parole violator to serve 6 months' backtime, and as a CPV to serve 18 months' backtime concurrently, for a total of 18 months of backtime. *See* C.R. at 110. The Board did not award Johnson any credit for time at liberty while on parole because his new conviction involved the possession of a weapon. *See* C.R. at 110. The Board recalculated Johnson's new Original Sentence maximum release date to January 19, 2023. *See* C.R. at 112.

On January 24, 2022, Johnson filed a petition with the Board for administrative relief from the Board's decisions recorded on October 21, 2021 (mailed October 29, 2021) and December 28, 2021 (mailed January 7, 2022). On

---

[1] 18 Pa.C.S. §§ 6101-6128.

May 13, 2022 (mailed May 18, 2022), the Board affirmed its decisions. Johnson appealed to this Court.[2]

Preliminarily, because Johnson's January 19, 2023 Original Sentence maximum release date has lapsed, this Court must determine whether Johnson's appeal is now moot. This Court has explained:

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. The existence of a case or controversy requires
>
>> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.
>
> *Dow Chem*[.] *Co*[.] *v.* [*U.S.*] *Env*[*'t*] *Prot*[.] *Agency*, 605 F.2d 673, 678 (3[]d Cir. 1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Cont*[*'l*] *Bank Corp.*, 494 U.S. 472, 477-[]78 . . . (1990) (quotation omitted). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Dep*[*'t*] *of Pub*[.] *Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). An exception to mootness will be found where[:] (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Res*[.] *Dev*[.]*Co*[.]*, Inc. v. Dep*[*'t*] *of Env*[*'t*] *Prot*[.], 780 A.2d 856 (Pa. Cmwlth. 2001).

---

[2] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [*&*] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119-20 (Pa. Cmwlth. 2004) (citation omitted).

Here, there is no case or controversy because there is no relief that can be ordered. Johnson has served his sentence. With respect to the three exceptions to the mootness doctrine, because the conduct complained of may be capable of repetition but not likely to evade judicial review, the case does not involve issues of great public importance, and one party will not suffer a detriment in the absence of a court determination, none of them apply here. *Id.*

Moreover, it is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot. *See Mistich*; *see also Rhines v. Pa. Parole Bd.* (Pa. Cmwlth. No. 361 C.D. 2020, filed June 9, 2021); *Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 170 C.D. 2020, filed Nov. 19, 2020).[3]

Here, Johnson's Original Sentence maximum release date was calculated to be January 19, 2023, and that date has lapsed. An order by this Court granting Johnson relief from his Original Sentence maximum release date that has lapsed will not have any meaning, as Johnson has already served his unexpired term.

The certified record indicates that Johnson was paroled from his Original Sentence on November 16, 2021, and he was convicted of a new offense resulting in a county sentence of 23 months, which he served prior to sentencing for that offense. *See* C.R. at 142. There is no evidence in the certified record to show that Johnson committed any additional crimes or had new criminal charges brought against him that could extend his maximum sentence date on his Original Sentence.

---

[3] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their persuasive value.

To the contrary, it appears Johnson is no longer under the custody and control of the Commonwealth.[4]

       For all of the above reasons, Johnson's appeal is dismissed as moot.


_____
ANNE E. COVEY, Judge

---

[4] *See Inmate Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited July 26, 2023).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terrance Johnson, :
          Petitioner :
         :
    v. :
         :
Pennsylvania Parole Board, : No. 591 C.D. 2022
          Respondent :

## O R D E R

AND NOW, this 27th day of July, 2023, Terrance Johnson's appeal from the Pennsylvania Parole Board's May 18, 2022 decision is dismissed as moot.

_____
ANNE E. COVEY, Judge