# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Brown,                          :
                  Petitioner     :
                                  :
              v.                    :   No. 131 M.D. 2021
                                  :   Submitted: March 8, 2024
Commonwealth of Pennsylvania           :
Board of Probation and Parole,         :
                  Respondent     :

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                 **HONORABLE ELLEN CEISLER,** Judge
                 **HONORABLE MATTHEW S. WOLF**, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: April 22, 2024**

Richard Brown (Petitioner), by and through counsel, filed an "Amended Petition for Review and Application for Writ of Mandamus" (Petition)[1] in this Court's original jurisdiction on April 20, 2021, seeking an order to direct the Pennsylvania Board of Probation and Parole[2] (Board) to release Petitioner on parole or, alternatively, to act on an application for reconsideration of parole/re-interview he filed with the Board. Petitioner argues the Board denied him parole based on arbitrary and capricious reasons that were not based in fact. The Board filed

---

[1] Petitioner titled the Petition as the "Amended" Petition. However, there was no other petition filed. Thus, the Petition is the original.

[2] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §§ 6101, 6111(a).

preliminary objections (POs) in the nature of a demurrer and, therein, suggested the matter was moot based upon the Board's subsequent decision denying Petitioner's parole. After review, we dismiss the Petition as moot, not for the reason cited by the Board, but because Petitioner appears to have reached his maximum sentence date.

In the Petition, Petitioner alleges as follows. After being granted a new trial, Petitioner pled guilty to murder in the third degree on June 14, 2019, in exchange for a 10-to-20-year sentence. (Petition ¶ 5.) Related offenses added to an aggregate sentence of 30 years' probation. (*Id.*) Petitioner explains that "[b]y that point, Petitioner had already spent a significant period of time in state incarceration following his prior conviction for first degree murder[,] which was subsequently overturned." (*Id.* ¶ 6.) He argues that "considering Petitioner's earned time-credit since May 21, 2003, [his] maximum sentence date is May 21, 2023[,]"[3] and he "would have been eligible for parole on May 21, 2013." (*Id.* ¶¶ 7-8.)

Petitioner applied to the Board for parole, which the Board denied on October 11, 2019. (*Id.* ¶ 10.) Petitioner avers the Board denied parole for arbitrary and capricious reasons that are not based in fact and, thus, his "rights to due process under the Pennsylvania and United States Constitutions have been violated." (*Id.* ¶¶ 11- 17.) According to Petitioner, he sought reconsideration of the Board's order, which the Board has not yet adjudicated. (*Id.* ¶¶ 18-20.) Petitioner again applied for parole, which was denied on January 11, 2021, because "reports, evaluations and assessments" showed Petitioner was a risk to the community. (*Id.* ¶ 23.) Petitioner asserts that these materials that the Board relied upon in denying his application were never presented or described to him. (*Id.* ¶ 24.)

---

[3] The Board also states that Petitioner's maximum sentence date was May 21, 2023. (Board's Brief, Ex. A.)

Petitioner asserts that the "afor[e]mentioned decisions are an abuse of discretion and [p]arole was arbitrarily denied based on impermissible reasons. The decisions were made based on frivolous criteria with no rational relationship to the purpose of parole." (*Id*. ¶ 27.) Therefore, Petitioner argues that "mandamus should issue and [the Board] should be ordered to release Petitioner to parole." (*Id*. ¶ 28.) He also requests the Court issue an order directing the Board to adjudicate his application for reconsideration.

As discussed, the Board filed POs, to which Petitioner filed an answer. The parties also submitted briefs. However, it is unnecessary to reach the substance of those arguments because, as Petitioner's maximum sentence date of May 21, 2023, has expired, the Petition is now moot. A case will generally be dismissed if no actual case or controversy exists. *Johnson v. Pa. Parole Bd.*, 300 A.3d 525, 527 (Pa. Cmwlth. 2023). A case or controversy requires

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (internal citation omitted). The requirement for a real case or controversy remains throughout all stages of a proceeding, as does the requirement for parties to have "a personal stake in the outcome[.]" *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (internal quotation marks omitted)). The Court will not enter a judgment where no effect will be given. *Id*. (citing *Britt v. Dep't of Pub. Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001)). Further, "it is well settled that the expiration of

3

a parolee's maximum term renders an appeal from the Board's revocation order moot." *Johnson*, 300 A.3d at 528 (internal citations omitted). "An exception to [the] mootness [doctrine] will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Mistich*, 863 A.2d at 119-20 (citing *Horsehead Resource Dev. Co., Inc. v. Dep't of Env't Prot.*, 780 A.2d 856 (Pa. Cmwlth. 2001)).

This Court issued an order on February 21, 2024, for Petitioner to show cause why this matter should not be dismissed as moot. This rule was returnable on or before March 12, 2024, and Petitioner has not responded.

Applying the above legal principles to the facts here, we are constrained to dismiss this matter as moot. Similar to *Johnson*,

> there is no case or controversy because there is no relief that can be ordered. [Petitioner] has served his sentence. With respect to the three exceptions to the mootness doctrine, because the conduct complained of may be capable of repetition but not likely to evade judicial review, the case does not involve issues of great public importance, and one party will not suffer a detriment in the absence of a court determination, none of them apply here.
>
> . . . .
>
> An order by this Court granting [Petitioner] relief from his . . . maximum release date that has lapsed will not have any meaning, as [Petitioner] has already served his unexpired term.

300 A.3d at 528. Accordingly, the Petition and Board's POs thereto are dismissed as moot.

_____
**RENÉE COHN JUBELIRER,** President Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Brown, : 
               Petitioner : 
                : 
         v. :   No. 131 M.D. 2021
                : 
Commonwealth of Pennsylvania : 
Board of Probation and Parole, : 
             Respondent : 

## O R D E R

**NOW**, April 22, 2024, the "Amended Petition for Review and Application for Writ of Mandamus" filed by Richard Brown and the Preliminary Objections filed thereto are **DISMISSED AS MOOT**.

_____
**RENÉE COHN JUBELIRER,** President Judge