# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brandon Michael Simmons, | : | |
| Petitioner | : | |
| | : | No. 4 C.D. 2025 |
| v. | : | |
| | : | Submitted: March 3, 2026 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:    HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                **FILED:  April 6, 2026**

        Brandon Michael Simmons (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed December 17, 2024, denying his request for administrative relief. Additionally, David Crowley, Esq. (Counsel), Petitioner's court-appointed counsel, has filed a letter pursuant to *Commonwealth v. Turner*[1] and an application to withdraw asserting that this appeal lacks merit. Because Petitioner's maximum sentence date was July 25, 2025, and Petitioner is no longer incarcerated on the sentence underlying his appeal, we dismiss both the petition for review and the application to withdraw as moot.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

# I. BACKGROUND[2]

On January 9, 2015, Petitioner was released on parole with a maximum date of June 12, 2016, with 520 days remaining on his original sentence.[3] However, on July 9, 2015, Petitioner was arrested on new criminal charges in New York. Petitioner did not post bail. The Board lodged a detainer against Petitioner on August 10, 2015. Petitioner was sentenced in New York on September 20, 2016, to 12 years of incarceration followed by 5 years of probation.

The Board received a certificate of disposition indictment from the Supreme Court of New York, New York County, on November 8, 2016, which certified that Petitioner was convicted and sentenced in New York. *See* Certificate of Disposition Indictment, 11/8/16. On January 19, 2024, New York notified the Department of Corrections that Petitioner would be released from New York custody on February 21, 2024, and therefore needed to be extradited to Pennsylvania on that date. *See* Agency Emails, dated 2/7/24.

Petitioner requested a panel revocation hearing on February 22, 2024, and the Board conducted the hearing on May 2, 2024. *See* Req. for a Panel Hr'g, 2/22/14; Revocation Hr'g Tr., 5/2/24. At the hearing, Petitioner raised an objection to the timeliness of the hearing. *See* Revocation Hr'g Tr., 5/2/24, at 6-8. On May 20, 2024, the Board voted to revoke Petitioner's parole and recommit him as a convicted parole violator. *See* Revocation Hr'g Report, 5/20/24. The Board denied Petitioner credit for time spent at liberty on parole because Petitioner had committed a new offense that was assaultive in nature. *See* Revocation Hr'g Report, 5/20/24.

---

[2] Unless otherwise stated, we base the background on the Board's response to Petitioner's administrative remedies form, mailed December 17, 2024. *See* Resp. to Admin. Remedies Form, 12/17/24, at 1-2.

[3] Petitioner's parole supervision was transferred to New York. *See* Reply to Transfer Req., 12/19/24.

Petitioner's maximum sentence date was recalculated to be July 25, 2025. *See* Order to Recommit, 6/3/24; Bd. Action, 5/31/24.

After receiving the Board's decision, Petitioner requested administrative relief, asserting that his revocation hearing was untimely and that the Board failed to give him credit owed on his original sentence. After review, the Board denied Petitioner's request for relief.

Then, on January 6, 2025, Counsel filed a petition for review on behalf of Petitioner, arguing that the Board (1) erred in overruling his objection to the timeliness of the revocation hearing and (2) failed to give him credit for all the time to which he is entitled when calculating his maximum date. *See* Pet. for Rev., 1/6/25.

## II. DISCUSSION[4]

Preliminarily, because Petitioner's July 25, 2025 maximum release date has lapsed, this Court must determine whether Petitioner's appeal is now moot. Generally, a case will be dismissed as moot where no actual case or controversy exists. A case or controversy requires

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (quoting *Dow Chem. Co. v. U.S. Env't Prot. Agency*, 605 F.2d 673, 679 (3d Cir. 1979)). The controversy must persist through all stages of the proceedings, both at

---

[4] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether the exercise of its discretion violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704.

trial and on appeal, and the parties must maintain a "personal stake in the outcome of the lawsuit." *Mistich*, 863 A.2d at 119 (quoting *Lewis Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Courts will not enter judgments or decrees that can have no effect. *See id.*; *Britt v. Dep't of Pub. Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). Additionally, it is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot. *See Johnson v. Pa. Bd. of Prob. & Parole*, 300 A.3d 525, 528 (Pa. Cmwlth. 2023).

An exception to the mootness doctrine may be applied where: (1) the challenged conduct is capable of repetition yet likely to evade judicial review; (2) the case presents issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *See Horsehead Res. Dev. Co., Inc. v. Dep't of Env't Prot.*, 780 A.2d 856 (Pa. Cmwlth. 2001).

Here, Petitioner's maximum sentence release date was July 25, 2025, and that date has now passed. Because Petitioner has completed his term, any order granting relief from the calculation of his maximum sentence would have no practical effect. Therefore, no case or controversy remains, as this Court is unable to award meaningful relief.

Furthermore, none of the exceptions to mootness apply here. Although the conduct complained of may be capable of repetition, it is not likely to evade judicial review. The matter does not present issues of great public importance, and no party will suffer a detriment in the absence of a judicial determination. Moreover, it appears that Petitioner is no longer under the custody and control of the Commonwealth.[5]

---

[5] *See Inmate Locator*, Pa. Dep't of Corr., https://inmatelocator.cor.pa.gov/#/ (last visited Mar. 31, 2026).

For these reasons, the petition for review and Counsel's application to withdraw are dismissed as moot.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Michael Simmons, : 
     Petitioner :
             :   No. 4 C.D. 2025
     v. :
             :
Pennsylvania Parole Board, :
     Respondent :

## **O R D E R**

AND NOW, this 6th day of April, 2026, the petition for review filed by Brandon Michael Simmons is DISMISSED as moot. Additionally, the application to withdraw filed by appointed counsel, David Crowley, Esq., is DISMISSED as moot.

            
**LORI A. DUMAS, Judge**