**525 Lancaster Ave. Apts., LP v. Berks County Board of Assessment Appeals**

C.P. of Berks County, No. 12-26517

*Sean E. Summers*, for appellant.
*Edwin L. Stock*, for appellee Berks County Board of Assessment Appeals.

LASH, *J.*, November 21, 2013—The matter before the court is the motion of the Berks County Board of Assessment Appeals (hereinafter "Board") to dismiss the real estate assessment appeal filed by appellant, 525 Lancaster Ave Apts, LP (hereinafter "Taxpayer"). Taxpayer appealed an interim assessment of four million five hundred thirty-six thousand seven hundred dollars ($4,536,700.00). The Board alleges that the within appeal was rendered moot when Taxpayer's property was reassessed, being accepted into the City of Reading's abatement program pursuant to the Local Economic Revitalization Tax Assistance Act (LERTA).[1] This court agrees and dismisses Taxpayer's appeal.

This court enters the following Findings of Fact:

## I. FINDINGS OF FACT

1. Appellant, 525 Lancaster Ave Apts, LP, (hereinafter "Taxpayer"), submitted an application to the City of Reading for a tax abatement for a 71 unit apartment building, pursuant to the Local Economic Revitalization Tax Assistance Act (LERTA), 72 P.S. §4722, *et seq.*

---

1. 72 P.S. §§4722-4727 (hereinafter "LERTA").

2. By Change Notice dated September 27, 2012, the Board issued an October 2012 notice based on renovations/remodeling of Taxpayer's property, setting forth an interim assessment of four million five hundred thirty-six thousand seven hundred dollars ($4,536,700.00).

3. Taxpayer appealed the Interim assessment to the Board which, after hearing held, issued on November 28, 2012 a final notice, upholding the assessed value of four million five hundred thirty-six thousand seven hundred dollars ($4,536,700.00).

4. On December 20, 2012, Taxpayer filed the within appeal to this court from the Board's decision of November 28, 2012, challenging the new assessment as not being commensurate with the property's fair market value.

5. Subsequently, by notice dated January 29, 2013, the Board notified Taxpayer that its property was accepted into the City of Reading's abatement program (LERTA) thereby reducing the property's assessment from four million five hundred thirty-six thousand seven hundred dollars ($4,536,700.00) to eight hundred seventy thousand dollars ($870,000.00) effective October 1, 2012.

6. Taxpayer did not file an appeal from the reassessment decision of the Board of January 29, 2013.

7. On August 26, 2013, the Board filed the within motion to dismiss the above-captioned appeal on the basis that the appeal is moot due to the reassessment of January 29, 2013.

## II. DISCUSSION

Taxpayer argues that its appeal should survive because

the assessment from which the appeal was taken, the October 2012 assessment of four million five hundred thirty-six thousand seven hundred dollars ($4,536,700.00), continues to impact on the taxation of the property as the eight hundred seventy thousand dollars ($870,000.00) abatement value was derived from the four million five hundred thirty-six thousand seven hundred dollars ($4,536,700.00) assessed value. As such, the abatement value is not a reassessment but is a modification of the existing assessment after adjustment for abatement.

In enacting LERTA, the General Assembly provided assistance to prospective developers of deteriorated areas of economically depressed communities by authorizing local tax authorities to exempt qualifying properties with cost of improvement and new construction from full property tax assessment.

Section 4727 of LERTA provides the procedure for obtaining exemption. That Section states, in pertinent part:

...The assessment agency shall, after completion of the new construction or improvement, assess separately the new construction or improvement and calculate the amounts of the assessment eligible for tax exemption in accordance with the limits established by the local taxing authorities and notify the taxpayer and the local taxing authorities of the reassessment and amounts of the assessment eligible for exemption. *Appeals from the reassessment and the amounts eligible for the exemption may be taken by the taxpayer or the local taxing authorities as provided by law.* [Emphasis supplied.]

As is clear from Section 4727, the abatement action calls

for a separate assessment and is considered a reassessment. As the Board urges, the October 2012 interim assessment was superseded by the January 29, 2013 reassessment. Taxpayer's property is no longer being taxed in accordance with the 2012 interim assessment. The within appeal, therefore, no longer has any practical significance. As stated in the case of *Erie Homes For Children And Adults, Inc. v. Department Of Public Welfare*, 833 A.2d 1201, 1203 (Pa. Cmwlth. 2003), an appeal shall be dismissed as moot unless an "actual case or controversy exists at all stages.... An issue can become moot during the pendency of an appeal [from adjudication by administrative agency] due to an intervening change in the facts of the case or due to a change in the applicable law." (Citation omitted).

Taxpayer's proper recourse would have been to file an appeal from the reassessment of January 29, 2003. The reassessment constitutes an adjudication and, as such, taxpayer had the right to appeal to common pleas court.[2] Section 4727 of LERTA provides specific authority for such an appeal.

This court enters the following order:

## ORDER

And now, this 21st day of November 2013, upon consideration of the motion of appellee, Berks County Board of Assessment Appeals, to dismiss the appeal of 525 Lancaster Ave Apts, LP, and upon review of the record and briefs filed by the parties, the motion is granted. The above-captioned appeal is dismissed.

---

2. 2 Pa.C.S.A. §752.